UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Qeauna Thompson,                                    Civil No. 13-2022 (ADM/FLN)

           Petitioner,

    v.                                              **REPORT AND RECOMMENDATION**

J.A. Nicklin, Warden,

           Respondent.
_____

Qeauna Thompson, Pro Se .
Pamela Marentett, Assistant United States Attorney, for Defendant
_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on Qeauna Thompson's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, this Court recommends that the Petition be **DENIED** and that this action be dismissed as moot.

### I.    BACKGROUND

On March 8, 2012, petitioner Qeauna Thompson was convicted of Conspiracy to Commit Access Fraud and Aggravated Identity Theft. Buege Decl. ¶ 3, ECF No. 5; Pet. for Writ of Habeas Corpus, ECF No. 1 at 3. She was sentenced to 30 months imprisonment. *Id.* Thompson's habeas petition seeks a court order releasing her to a Residential Reentry Center (RRC)[1] for the last year of her sentence. ECF No. 1 at 1. The Government argues that Thompson does not have a right to incarceration at a particular facility and that the Court lacks subject matter jurisdiction over her petition. Resp. to Petitioner's Habeas Petition 8, ECF No. 4.; *See Reeb v. Thomas*, 636

---

[1]    A Residential Reentry Center is also known as a halfway house.

F.3d 1224, 1227-28 (9th Cir. 2011) (holding that 18 U.S.C. § 3625 precludes judicial review under the Administrative Procedure Act of any "determination, decision, or order" made pursuant to 18 U.S.C. §§ 3621-3624). The Government also argues that the decision to transfer an inmate to a RRC is discretionary under 18 U.S.C. § 3624(c) and that a proper evaluation was conducted in Thompson's case. ECF No. 4 at 11.

According to the Federal Bureau of Prisons inmate locater, Thompson has already been transferred to a Residential Reentry program in Chicago. *See* http://www.bop.gov/inmateloc/. Generally, a petitioner's release from custody does not automatically render a habeas petition moot. *Sayonkon v. Beniecke*, 2012 WL 1621149 at *2 (D. Minn. Apr. 17, 2012) (citing *Spencer v. Kemna,* 523 U.S. 1, 7 (1998)). The Court should not dismiss a petition as moot if any of the following exceptions apply: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002) (quoting *Chong v. District Dir., INS*, 264 F.3d 378, 384 (3d Cir. 2001)).

None of these exceptions apply in this case. First, there is no injury and, therefore, no secondary or collateral injury. *Sayonkon*, 2012 WL 1621149 at *2 (quoting *Spencer*, 523 U.S. at 7). The second exception applies when "there is a reasonable expectation the complaining party will be subject to the same action again." *See Randolph v. Rodgers*, 170 F.3d 850, 856 n.7 (8th Cir. 1999) (citing *Hickman v. Missouri*, 144 F.3d 1141, 1143 (8th Cir. 1998)). There is no reasonable expectation of Ms. Thompson's situation reoccurring. Third, there is no indication that Thompson was released in order to divest the Court's review of the Petition on the merits. Finally, the case is not a class action suit.

In sum, this Court can no longer grant the relief Thompson originally sought in her habeas petition. Because Thompson has been released from custody and the mootness doctrine exceptions are inapplicable to the case at hand, no case or controversy exists under Article III. This action is therefore moot and should be dismissed.

### III.   RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Thompson's Petition for Writ of Habeas Corpus [ECF No. 1] be **DENIED**; and

2. This action be dismissed as moot.


DATED: July 30, 2014            *s/Franklin L. Noel*
                                FRANKLIN L. NOEL
                                United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 13, 2014,** written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.